UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

**BARBARA DUNLAP**                                                    **CIVIL ACTION**

**VERSUS**                                                                    **NO:  06-2452-EEF-SS**

**PONTCHARTRAIN
CONSTRUCTION SERVICE, INC.**

## ORDER

DEFENDANT'S MOTION TO STRIKE AFFIDAVITS (Rec. doc. 12)

**DENIED**

The plaintiff, Barbara Dunlap ("Dunlap"), filed a complaint against the defendant, Pontchartrain Construction Services, Inc. ("Pontchartrain"), for damages arising out of a construction contract at a residence.  Rec. doc. 1.  Pontchartrain answered the complaint.  Rec. doc. 3.  Dunlap filed a motion for leave to amend the complaint to include allegations of fraud in the inducement.  Rec. doc. 6.  The motion was supported with affidavits from Dunlap and two former employees of Pontchartrain.  Rec. doc. 6 at Exhibits B-D.  Pontchartrain filed a motion to strike the affidavits.  Its memorandum in support of this motion included its opposition to Dunlap's motion to amend.  Rec. doc. 12.  Dunlap filed an opposition to the motion to strike.  Rec. doc. 9.  Both

motions were set before the undersigned on July 19, 2006.  Rec. docs. 6 and 12.  On July 11, 2006, a scheduling order was entered with August 11, 2006 as the deadline for amending pleadings.  Rec. doc. 8.

Although both motions were set for July 19, 2006, the court only ruled on the motion to amend and granted it as timely under the scheduling order.  It also was treated as unopposed.  This was an error, because Pontchartrain's memorandum in support of its motion to strike affidavits included its opposition to the motion for leave to amend.  Rec. doc. 13.  No action was taken on the motion to strike affidavits.  The amended complaint was filed on July 19, 2006.  Rec. doc. 14.

The issues raised in Pontchartrain's motion to strike and its opposition to the motion to amend must be considered.  It argues that the affidavits should be struck because they contain expert testimony asserting that the project was behind schedule, understaffed and lacked supervision.  Pontchartrain urges that none of the three are qualified to offer such testimony.  The affidavits are from Dunlap and two of Pontchartrain's former employees, Michael Dempsey and Dwayne Broussard.  Rec. doc. 12 at Exhibits B-D.  Dunlap urges that the affidavits satisfy her counsel's obligation under Fed. R. Civ. P. 11(b)(3) that the allegations of fraud in the amended complaint have evidentiary support.  While the affiants are not licensed contractors or architects, they may testify as to the facts.  Although some of the statements in the affidavits are conclusory, there is no basis to strike them.

Pontchartrain contends that the amended complaint is futile.  A district court is properly within its discretion to deny a motion for leave to amend if the amendment is futile.  Stripling v. Jordan Production Company, L.L.C., 234 F.3d 863, 873 (5th Cir. 2000).  An amendment is futile

where the amended complaint fails to state a claim upon which relief can be granted. Id. To determine futility, the district court should apply "the same standard of legal sufficiency as applies under Rule 12(b)(6)." Id. (quoting Shane v. Fauver, 213 F.3d 112, 115 (3rd Cir. 2000).

> The question therefore is whether in the light most favorable to the plaintiff and with every doubt resolved in his behalf, the complaint states any valid claim for relief. The court may not dismiss a complaint under Rule 12(b)(6) unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.

Id. at 873 (Citations, quotation marks and brackets omitted).

Dunlap alleges that oral representations were made by Pontchartrain to induce her to enter into the contract. She alleges that she was assured that: (1) Pontchartrain had the means, manpower and time available to perform the work within the time limits; (2) a full time project manager and a lead carpenter would be provided; and (3) she would be provided with weekly updates, progress reports, schedules and photographs of the project. Rec. doc. 14 at p. 2. She alleges that when these representations or promises were made, Pontchartrain did not have the manpower to complete the work as required. Id. at p. 3.

Pontchartrain argues that these allegations only amount to breach of contract and do not rise to fraud. It cites First National Bank of Jefferson Parish v. Campo, 537 So.2d 268 (La. App. 4th Cir. 1989), in which the defendant alleged that the bank's failure to return a continuing guaranty after receipt of other collateral for a loan was fraudulent. The court noted that there was no allegation of a particular misrepresentation or artifice and the failure to act according to an oral agreement was not fraud. Id. at 271. Pontchartrain also cites Williams v. Litton, 865 So.2d. 838 (La. App. 3rd 2003), in which the plaintiffs' allegations of fraud were found insufficient. It refers to the portion

of the decision holding that breach of an oral agreement is not fraudulent conduct. Id. at p. 849. In Williams, the plaintiffs also alleged that they were induced, through fraudulent acts and misrepresentations, to invest in the defendants' venture. Id. The court described this as a conclusory statement that it could disregard. Id. at 850. In contrast, Dunlap's allegations of fraud in the inducement are not merely conclusory. If proven, the allegations would rise to a misrepresentation to induce Dunlap to enter into the contract. It does not appear beyond doubt that Dunlap can prove no set of facts in support of her claim of fraud in the inducement.

Pontchartrain's motion to strike the affidavits will be denied. Its contention that Dunlap's amended complaint is futile is without merit. There is no need to reconsider the order granting Dunlap's motion for leave to amend.

IT IS ORDERED that Pontchartrain's motion to strike affidavits (Rec. doc. 12) is DENIED.

New Orleans, Louisiana, this 1st day of August, 2006.

                    **SALLY SHUSHAN**
             **United States Magistrate Judge**